UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00364-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | (Under Seal)[1] |
| BOBBY CLARENCE BYRD, JR, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's Motion for Compassionate Release, (Doc. No. 40). Defendant filed the motion pro se, and the Government has responded in opposition to the motion. (Doc. No. 42). For the reasons below, the Court DENIES Defendant's Motion for Compassionate Release (Doc. No. 40).

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and—in summary fashion—argues extraordinary and compelling reasons support his request to reduce his sentence to time served. Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If an inmate has exhausted his or her administrative remedies, the court—in its discretion—may grant an inmate's motion for compassionate release if the court: 1) finds extraordinary and compelling reasons warrant a sentence reduction, and 2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A); see also Kibble, 992 F.3d at 330-31, 331 n.3. Here, the parties do not dispute that Defendant has exhausted his

---

[1] Because the Government's brief in opposition to the motion was filed under seal pursuant to a Court order (Doc. No. 44), the Court seals the instant Order for those same reasons.

1

administrative remedies. The Court thus turns its analysis to whether extraordinary and compelling reasons exist to reduce Defendant's sentence and, if so, consideration of the relevant § 3553(a) factors.

After reviewing the record, the Court concludes that Defendant's pleadings and evidence fail to demonstrate extraordinary and compelling reasons to warrant a reduction. See Kibble, 992 F.3d at 333-34 (Gregory, C.J., concurring) (recognizing requirement of "fact-intensive inquiry" that considers "circumstances that, collectively, qualif[y] as extraordinary and compelling" (citations omitted)). Defendant agues his chronic medical conditions and the continued risk to contracting the COVID-19 virus constitute "extraordinary or compelling reasons" to reduce his sentence.

Remarkably, despite his professed fears relating to contracting COVID-19 while incarcerated, Defendant refused the Pfizer COVID-19 vaccine offered by the Bureau of Prisons on January 21, 2021. (Doc. No. 42-3). In so doing, Defendant declined the opportunity to reduce his risk of exposure to COVID-19 dramatically.[2] He cannot reasonably expect that prolonging his risk of COVID-19 exposure by declining vaccination will be rewarded with a sentence reduction. Indeed, courts around the country "have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances." United States v. Baeza-Vargas, 2021 WL 1250349, at *3 (D. Ariz. Apr. 5, 2021) (collecting cases); followed by United States v. Newell, No. 1:13-CR-165-1, 2021 WL 3269650, at *11 (M.D.N.C. July 30, 2021); United States v. McDonald, No. 3:16-CR-00218-FDW, 2021 WL 2941554, at *3

---

[2] The Centers for Disease Control and Prevention have evaluated the "Delta Variant" of COVID-19, and they explain that the Moderna and Pfizer vaccines available to Defendant remain "effective." Centers for Disease Control and Prevention, Benefits of Getting a COVID-19 Vaccine, (Aug. 16, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. Furthermore, "Vaccines continue to be highly effective at preventing hospitalization and death, including against this [Delta] variant." Id.

2

Case 3:11-cr-00364-FDW   Document 45   Filed 10/29/21   Page 2 of 5

(W.D.N.C. July 12, 2021). If Defendant were to receive the vaccine, it would substantially mitigate his risk of COVID-19 infection and likely eliminate the basis for his compassionate release motion. "Courts now widely recognize that a refusal to take preventative measures to protect oneself from COVID-19 undermines any assertion that the risk of viral infection constitutes an extraordinary and compelling reason justifying release . . . . Any decision to the contrary would create a perverse incentive in favor of declining the vaccine, undermining the BOP's efforts to protect its incarcerated population and to allow prison operations to return to some degree of normalcy in the coming months." United States v. Ayres, SAG-04-004, 2021 WL 2352322, at *2 (D. Md. June 9, 2021) (collecting cases); see also United States v. Gonzalez Zambrano, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("Although defendant has a right to refuse medical treatment, the Court finds that it would be inappropriate to reward [his] refusal to protect [himself] by granting [his] release. It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them."). Further, Defendant's decision to refuse the vaccine undermines his argument that FCI Fort Dix has not taken sufficient steps to protect him from contracting COVID-19, given that BOP officials allocated doses of the vaccine for Defendant to protect him against the risk of future infection. Accordingly, Defendant cannot establish an "extraordinary and compelling" reason for compassionate release based on his concerns about contracting the virus.

The Court acknowledges the seriousness of Defendant's asserted medical conditions, but these conditions do not rise to the level of "extraordinary or compelling" under this record, particularly where the record indicates Defendant has been receiving regular medical care and medications for his underlying health conditions and has refused the vaccine. (Doc. No. 43, p. 2).

The record demonstrates Defendant's medical concerns are being appropriately managed by the BOP. For these same reasons, the Court concludes Defendant has failed to carry his burden to sufficiently establish that the *combined* impact of Defendant's underlying health conditions, the threat of the COVID-19 pandemic (which could be mitigated with vaccination), and the conditions of his confinement within the Bureau of Prisons' system warrants a sentence reduction under § 3582(c)(1)(A)(i).

Because Defendant cannot show extraordinary and compelling reasons to support a sentence reduction,[3] the Court need not conduct the second step of the inquiry to consider the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A). Nevertheless, the Court briefly considers the relevant 18 U.S.C. § 3553(a) factors[4] and finds that the nature and circumstances of the offense (crimes involving child pornography) and the history and characteristics of Defendant (including his repeated crimes involving child victims), as well as the need for the sentence to provide just punishment (Defendant has barely served half of his original sentence), afford adequate deterrence, and protect the public all counsel against a sentence modification for this Defendant.[5] See, e.g., Chavez-Meza v. United States, __ U.S. __, 138 S. Ct. 1959, 201 L.Ed.2d 359 (2018) (explaining obligations of district judge in addressing sentence-

---

[3] The Court recognizes it is "empowered . . . to consider *any* extraordinary and compelling reason for release" and the Court has done so by considering all reasons Defendant has raised in the instant motion. United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (quotation omitted; emphasis in original).

[4] In considering whether release is warranted given the applicable § 3553(a) factors, the Court considers "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need to avoid unwarranted sentence disparities;" and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

[5] Notably, Defendant's arguments rely solely on the threat of the COVID-19 virus, and he has not submitted any post-sentencing mitigation evidence. United States v. Martin, 916 F.3d 389 (4th Cir. 2019) (applying Chavez-Meza and explaining obligation of district judge to consider post-sentencing mitigation evidence and provide rationale in addressing § 3582(c)(2) sentence-modification motion); United States v. High, 997 F.3d 181 (4th Cir. May 7, 2021) (applying Chavez-Meza and Martin to affirm decision in the district court denying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)). The Government points out that Defendant does not appear to have been enrolled in or requested sex offender treatment while incarcerated. (Doc. No. 42, p. 18).

modification motion under 18 U.S.C. § 3582(c)(2)).

IT IS THEREFORE ORDERED that pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court DENIES Defendant's Motion for Compassionate Release (Doc. No. 40).

IT IS SO ORDERED.

Signed: October 28, 2021

Frank D. Whitney
United States District Judge

SEALED DOCUMENT with access to Specified Parties/Defendants.